UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

**HUGH JARRATT**
an Arkansas resident                                                                **PLAINTIFF**

vs.                                       **CASE NO. NO. 13-5206**

**PUBLISHERS CLEARING HOUSE LLC**                                               **DEFENDANTS**
A New York limited liability company

**PUBLISHERS CLEARING HOUSE, INCORPORATED**
A New York corporation

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between all parties to this action and their attorneys that the following Order may be entered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to give effect to the matters stipulated as set forth below. As between the parties to this Stipulation, they agree to be bound by its terms as of the time that they sign this Stipulation.

1.  Findings: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.  Definitions:

    a.   "Confidential" information is information concerning a party's confidential financial or commercial business information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

b.     Information is not Confidential if it is disclosed in a printed publication available to the public, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential if a person lawfully obtained it independent of this litigation.

3.     Designation of information as Confidential:

a.     A person's designation of information as Confidential means that person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b.     A person designates information in a document or thing as Confidential by clearly and prominently marking on its face "CONFIDENTIAL." A producer may make documents or things containing Confidential information available for inspection and copying without marking them as such without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential before providing them to the recipient. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Order shall be marked with the designation if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic data bases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of Confidential documents or otherwise disclose the substance of Confidential information contained in those documents.

c.     A person designates information in a deposition testimony as Confidential by stating on the record at the deposition that the information is Confidential or by advising the

opposing party and the stenographer and videographer in writing, within fourteen (14) days after receipt of the deposition transcript, that the information is Confidential. Such designation shall be specific as to portions of the transcript or any exhibit to be designated as Confidential.

      d.    A person's failure to designate a document, thing, or testimony as Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      e.    A person who has designated information as Confidential may withdraw the designation by written notification to all parties in the case.

      f.    If a party disputes a producer's designation of information as Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing that the designation be modified or withdrawn for such materials. Within fourteen (14) days, the producer shall respond in writing, either: (1) accepting the objector's proposal; (2) setting forth in reasonable detail the reasons why the producer believes the information is entitled to the designated status; or (3) modifying the designation and setting forth in reasonable detail the reasons why the producer believes the information is entitled to the modified designation. If not satisfied, the party disputing the designation may move the Court for an order withdrawing or modifying the designation. The producer bears the burden of proving that the information is properly designated as Confidential. The information shall remain subject to the producer's Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential is not an admission that the information was properly designated as such.

      4.    <u>Use and disclosure of Confidential information</u>:

      a.      Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

      b.      Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel, including necessary legal assistants, paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) the party's officers, employees, and personnel directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(c) of this order, experts, witnesses, and consultants and their staff whom a party may deem necessary to assist in the preparation of this case; and (vi) the Court and personnel assisting the Court.

      c.      A party may not disclose Confidential information to an expert or consultant pursuant to paragraph 4(b) of this Order until after the expert, witness, or consultant has signed an undertaking in the form of Appendix 1 to this Order. Counsel shall maintain the originals or copies of the forms signed by the expert, witness, or consultant for a period of one (1) year after final disposition of this litigation, whether by settlement, dismissal or entry of final judgment not subject to further appeal ("Final Disposition").

      d.      Notwithstanding paragraph 4(a), (b), and (c), a party may disclose Confidential information to: (i) an employee or author of the producer; (ii) any individual no longer affiliated with the producer who authored the information in whole or in part; and (iii) any individual who received the information before the case was filed.

  e. A party who wishes to disclose Confidential information to a person not authorized under paragraph 4(b) must first make a reasonable attempt to obtain the producer's permission. If a party is unable to obtain permission, it may move the Court to obtain permission.

  5. <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

  6. <u>Filing under seal</u>: Any pleading, motion, or other document that is filed with the Court containing Confidential information shall be filed under seal in compliance with any court rule and with the designations required by this Stipulated Protective Order. Any document filed under seal must conspicuously state: (i) the caption of the case, including the case number; and (ii) in prominent type, the words "FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER ENTERED ON [date]." This paragraph shall not be construed to limit or prohibit the right of a party or any other person having the requisite standing to challenge a designation.

  7. <u>Use of Confidential information at trial or in court proceedings</u>: If a party intends to present at trial or in other court proceedings Confidential information produced by another party, such party shall provide advanced notice to the producer at least five (5) days before the commencement of the trial or court proceedings by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition lines, etc.) without divulging the actual Confidential information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information.

8. <u>Effect on discovery</u>. This Order shall not enlarge or affect the proper scope of discovery in this action, nor shall this Order imply that information or documents designated as Confidential under the terms of this Order are properly discoverable, relevant or admissible in this action. Nothing in this Order shall be interpreted to require disclosure of information or documents which a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

9. <u>Own use</u>. Nothing in this Order shall be interpreted to prohibit or prevent the producer from using or discussing its own Confidential information in any way it sees fit to so use or discuss that material for any reason.

10. <u>Joinder of Additional Parties</u>. In the event additional parties join or are joined in this action, they shall not have access to Confidential information until the newly joined party or its counsel has filed with the Court its agreement to be fully bound by this Order.

11. <u>Document disposal by the parties</u>: After Final Disposition, and within thirty (30) days of a request by a producer, a recipient, at its election, must either return to the producer all documents and copies of documents containing the producer's Confidential information to the producer, or destroy all documents and copies of documents containing the producer's Confidential information, unless the document has been offered into evidence or filed without restriction as to disclosure. The party returning and/or destroying the producer's Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to Confidential information, so long as the work product does not duplicate verbatim substantial portions of the

text or images of Confidential information. This work product shall continue to be Confidential information under this Order.

12. <u>Return of documents filed under seal</u>: After Final Disposition, the Clerk may elect to return to counsel for the producer, or after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. <u>Survival of obligations</u>: This Order's obligations regarding Confidential information survive Final Disposition.

**IT IS SO ORDERED.**

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 2 2 2014

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

Dated: 1-22-14

_____
Honorable Paul K. Holmes, III
United States District Judge


**WE STIPULATE AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER.**


__/s/ Stephen D. Schrantz_____
Stephen D. Schrantz
Attorney for Plaintiff
Hugh Jarratt


__/s/ Jason M. Milne_____
Jason M. Milne
Attorney for Defendants
Publishers Clearing House LLC
And Publishers Clearing House, Incorporated